**Leland COOK, Executor of Nellie H. Reeder, et al., Appellants,**

**v.**

**Charles H. RAND et al., Appellees.**

Court of Appeals of Kentucky.

May 3, 1957.

Charles H. Riedinger, James F. Cook, Harvey Parker, Jr., Vanceburg, Henry D. Stratton, Pikeville, for appellants.

H. D. Rollins, Charleston, W. Va., Edwin V. Holder, Vanceburg, Bunyan S. Wilson, Jr., Ashland, for appellees.

WADDILL, Commissioner.

Mrs. Nellie H. Reeder executed a will dated May 4, 1951, bequeathing small sums to her nephews and nieces. The bulk of her estate was devised to various organizations affiliated with the Methodist Church.

On January 30, 1954, Mrs. Reeder executed a second will which gave some property to the Methodist Church, but left the greater part of her estate to her nephew, Charles Rand. Mrs. Reeder died five days following the execution of this second will.

The county court admitted the will dated May 4, 1951 to probate, when both wills were tendered to the court. An appeal was prosecuted to the circuit court, where upon trial it was held that the second will dated January 30, 1954, should have been admitted to probate. This appeal is from a judgment entered accordingly.

The only issue presented by this appeal is whether there was sufficient evidence to

## 904

sustain the circuit court's findings that Mrs. Reeder had mental capacity to execute the second will and there was no undue influence exercised upon Mrs. Reeder by the principal legatee, Charles Rand.

■ There was a direct conflict on the question of mental capacity. Two doctors testified that Mrs. Reeder did not have mental capacity, but neither of those doctors saw Mrs. Reeder on the day the will was executed. Four witnesses who saw her on the day in question, including the attorney who drew the instrument and Mrs. Reeder's minister, testified that she had mental capacity to make the second will. In addition to this testimony, there were several other facts which pointed to the conclusion that Mrs. Reeder was mentally competent on the day she executed the second will; she knew where she kept her personal property consisting of insurance policies, bank book and other personal papers; she informed her attorney of the extent of her property and the distribution she desired to make of it.

Reverend H. L. Shumway, a Methodist Minister, had two conversations with Mrs. Reeder on January 30, and at neither time did he detect anything wrong with her mind. And on the day before her death she remembered owing a certain physician a bill and signed a check to pay it. We believe that the evidence on mental capacity was sufficient to support the finding of the circuit court.

■ There was no substantial evidence of undue influence on the part of Mrs. Reeder's nephew, Charles Rand. It is not enough that it be shown that there was an opportunity to use undue influence, or that there was a possibility that it was exercised, but some evidence having probative value must be introduced to show that it was exercised. Crump v. Chenault, 154 Ky. 187, 156 S.W. 1053.

The testimony on this phase of the case was not only meager, but was wholly insufficient to void the will executed by Mrs. Reeder on January 30, 1954.

Judgment affirmed.